UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

THOMAS EDWARD BURKE, JR.,                          Plaintiff,

v.                                            Civil Action No. 1:20-cv-P156-DJH

PEOPLE OF THE STATE OF KENTUCKY *et al.*                        Defendants.

\* \* \* \* \*

### **MEMORANDUM OPINION**

This is a *pro se* action initiated by a prisoner by filing a 42 U.S.C. § 1983 complaint form. The Court has granted Plaintiff Thomas Edward Burke, Jr., leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### **I.**

On the complaint form, Plaintiff identifies himself as both a "person" and a "corporation." He names the following as Defendants - the People of the State of Kentucky; Governor Andy Beshear; Warren County Circuit Court Judge John R. Grise; Commonwealth Attorney Christopher T. Cohron; and Kentucky Department of Corrections Commissioner (KDOC) Cookie Crews.

Plaintiff is a convicted inmate housed at Luther Luckett Correctional Complex. In 2004, the Warren Circuit Court entered a judgment of conviction on a plea agreement of three counts of first-degree sodomy and sentenced Plaintiff to 27 years in prison. In the "Statement of the Claims" section of the § 1983 complaint form, Plaintiff instructs the Court to see the "contract" attached. In the "Relief" section of the complaint form, he states that he seeks damages;

"Release from prison on the contract agreements!"; and "all Releif requested in . . . said contracts!"

The first attachment to the Court-supplied § 1983 form is a document titled "Complaint." Therein, Plaintiff captions the instant case as before the Warren Circuit Court and states that Warren Circuit Court is the appropriate venue for this action. He then states that he is incarcerated due to a false confession and that his attorney provided him ineffective assistance of counsel at trial. Plaintiff further states that his guilty plea was involuntary and that he was the victim of prosecutorial misconduct. Finally, Plaintiff states that no court in this country has "authority to fine or imprison anyone! The prosecutor and Judge are knowingly, willingly and intentionally committing fraud on the court and treason to the constitution, This makes every conviction in this country Void!" Plaintiff then cites to the Declaration of Independence and an "Oath of Office." He also states that because the "Defendant Corporation, the City of Bowling of Green, Kentucky, has violated provisions of the act under which it was created . . . it is now therefore dissolved!" Finally, Plaintiff asserts that the "Judge" has broken the law and is subject to the charge of "Capital Felony Treason." Plaintiff writes that, upon conviction, "you can be taken by a posse to an nearest busy intersection at high noon, hung by neck until dead . . . And your body to remain in state till dusk as an example to anyone who takes his Oath of Office lightly." Plaintiff concludes his "complaint" by asking the Court to "reverse the trial courts Judgment and Remand, with instructions to grant conditional writ with respect to Burke's Conviction and Sentence, unless, the State, within a reasonable period of (90 days), either holds a new sentencing hearing or vacates 'the sentence' and imposes a lesser sentence or Releases Burke in accordance with state and federal law."

The second attachment to Plaintiff's § 1983 complaint form is a typed 21-page document titled "Private Administrative Remedy Lawful Notice & Opportunity to Respond." The "Claimant" is identified as "Thomas Burke of the family Burke, Sole Beneficiary or the Thomas Burke, *Cestui Que Vie trust*"; the "Respondent Trustee" is identified as Commonwealth Attorney Christopher Cohron; the "Property to be released is . . . Thomas Burke, Jr." The document has the following heading: "Private-Trust Law-Non-Negotiable, Private Between the Parties-Not for Public Filing-Administrative Remedy/Complex Trust No: TEBJ20036162." It then contains a "Notice" which states, "Notice to agent is Notice to Principle/Notice Principle is Notice to Agent, Silence is Acquiescence, Agreement and Dishonor, for discharge, settlement & Closure, This is a self-executing contract in Equity[.]" Another document filed by Plaintiff is titled "Notice of Fiduciary Trusteeship Duty." He also filed two affidavits in which he "asserts" and "declares" his status as a "sovereign citizen[.]"

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly

baseless. *Id*. at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. Section 1983 Claims

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th

Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff filed a previous action in this Court asserting § 1983 claims related to his 2004 conviction and sentencing in Warren Circuit Court. *See Burke v. People of the State of Kentucky et al.*, No. 1:17-cv-00057-GNS. In that case, the Court dismissed Plaintiff's § 1983 claims as barred by both *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the applicable statute of limitations. The same reasoning for dismissal applies here. As the Court stated in Plaintiff's prior case:

> In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).
>
> Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* unless and until his criminal conviction has been invalidated. The determination that these claims are barred by *Heck* requires this Court to dismiss them for failure to state a claim on which relief can be granted. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim).
>
> Additionally, to the extent that any of Plaintiff's claims can be construed as a § 1983 claim which is not barred by *Heck*, any such claim is barred by the statute of limitations. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat.

> § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue on its own if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).
>
> All of Plaintiff's allegations concern events in and surrounding his state-court criminal case which ended in his conviction in 2004, well over ten years before filing the instant action. Therefore, any § 1983 claims are barred by the statute of limitations and must be dismissed for failure to state a claim upon which relief may be granted.

*Burke v. People of the State of Kentucky et al.*, No. 1:17-cv-00057-GNS (Docket No. 20, Mem. Op., pp. 4-5).

For these same reasons, the claims Plaintiff has brought in this action pursuant to § 1983 will be dismissed for failure to state a claim upon which relief may be granted.

### B. Release from Incarceration

In Plaintiff's prior case, the Court also held that to the extent that Plaintiff sought release from incarceration based upon his allegedly wrongful conviction, his claim must be brought in a petition for a writ of habeas corpus, and not in a § 1983 action.[1] *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (where a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Thus, Plaintiff's request for release from incarceration must also be dismissed for failure to state a claim upon which relief may be granted.

---

[1] The Court further noted that Plaintiff had filed a 28 U.S.C. § 2254 petition in this Court related to his 2004 conviction. *Burke v. People of the State of Kentucky et al.*, No. 1:17-cv-P138-GNS. The Court transferred the petition in that action to the Sixth Circuit because Plaintiff had challenged his 2004 conviction in a previous § 2254 petition. *Id*. at DN 8. Prior to Plaintiff's filing of the instant action, the Sixth Circuit denied his motion for an order authorizing a second or successive § 2254 petition. *Id*. at DN 9.

### C. Claims Based Upon Sovereign Citizenship

It appears that any new claims that Plaintiff is asserting in this action are based solely upon his assertion that he is a "sovereign citizen" and that by wrongfully convicting and sentencing him, Defendants have violated certain "contracts." Courts have repeatedly rejected arguments made upon the theory of sovereign citizenship as frivolous. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); *see also Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) ("Trevino's legal arguments, including that Florida has no jurisdiction over him because he is a 'natural born, free living, breathing, flesh and blood human being' and that he must be released because Florida breached a security agreement with him, are frivolous."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [the defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law); *Muhammad v. Smith*, No. 3:13-cv-760 MAD/DEP, 2014 U.S. Dist. LEXIS 99990, at *4-8 (N.D.N.Y. July 23, 2014) (stating that sovereign citizen and redemptionist theories have been repeatedly rejected as frivolous by the courts and rejecting as "legally frivolous" plaintiff's attempt to "avoid the consequences of his criminal conviction by suggesting he exists as two separate legal entities . . .").

Thus, any claims Plaintiff seeks to bring against Defendants based upon his assertion of sovereign citizenship and the related breach of certain "contracts" are hereby dismissed as frivolous.

## IV.

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date:

cc: Plaintiff, *pro se*
    Defendants
4415.011